UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIMBERLY LADSON,
individually,

    Plaintiff,

v.                                         Case No.:  2:23-cv-1078-SPC-KCD

BURLINGTON STORES, INC.,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant Burlington Stores, Inc.'s ("Burlington's") Notice of Removal.  (Doc. 1).  This is a personal injury action that Burlington removed based on diversity jurisdiction.

A defendant may remove a case from state court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  "The existence of federal jurisdiction is tested at the time of removal."  *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c).  "A removing defendant bears the burden of proving proper federal jurisdiction."  *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir.

1999). And removal statutes are strictly construed with doubts resolved for remand. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

Federal courts have original jurisdiction over cases with complete diversity and an amount in controversy over $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). For purposes of determining diversity, a corporation is a citizen of both its place(s) of incorporation and its principal place of business. 28 U.S.C. §1332(c).

A corporation's "principal place of business" is its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). This is the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.*

Burlington's Notice of Removal says it is a "New Jersey corporation" and is "therefore a citizen of the State of New Jersey for purposes of diversity jurisdiction." (Doc. 1 at 5). But where Burlington is incorporated is only half the inquiry. Burlington has not told the Court its principal place of business. Accordingly, it has not properly alleged its own citizenship.

The Court finds that Burlington has not met its burden of establishing this Court's subject matter jurisdiction over this action.

Accordingly, it is now

**ORDERED:**

1. Defendant Burlington Stores, Inc. must **SUPPLEMENT** its Notice of Removal (Doc. 1) on or before **December 7, 2023**, to show cause why this case should not be remanded for lack of subject matter jurisdiction.

2. **Failure to comply with this Order will cause this case being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 28, 2023.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record